UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JESSE McNEELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:13 CV 401 |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION and ORDER**

Jesse McNeeley, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254

challenging a prison disciplinary proceeding. (DE # 1.) In WCC #12-12-0395, a hearing

officer found McNeeley guilty of possession of a controlled substance. (DE # 6-3 at 1.)

The charge was initiated on December 20, 2012, when Officer A. Sulich wrote a conduct

report stating as follows:

> On 12-20-2012 at approximately 1:40 I, Ofc. Sulich conducted a shakedown
> on the property box and bed area assigned to Offender McNeely [sic], Jesse
> #159364 (8C-W2-10). Inside his property box I obtained a "Keefe Coffee" bag
> containing (14) individually wrapped packets of K-2, a small bag of K-2, and
> a bottle of K-2 "roaches."[1]

(DE # 6-1.) A photo of these items was included with the conduct report. (DE # 6-3 at 3.)

On December 26, 2012, McNeeley was formally notified of the charge and given

a copy of the conduct report. (DE ## 6-1, 6-2 at 1.) He pled not guilty, declined the

assistance of a lay advocate, requested a witness statement from his cellmate, Ian

---

[1] "K-2" is a term for synthetic marijuana. *See Synthetic Drugs*, OFF. OF NAT'L DRUG CONTROL POL'Y *http://www.whitehouse.gov/ondcp/ondcp-fact-sheets/synthetic-drugs-k2-spice-bath-salts* (last visited Jan. 27, 2014).

Simmons, and did not request any physical evidence. (DE # 6-2 at 1.) A statement was obtained from Simmons, who claimed the drugs belonged to him and not McNeeley. (DE # 6-3 at 2.)

After two postponements, the hearing officer conducted a hearing on January 17, 2013. (DE # 6-3 at 1.) McNeeley claimed the property box did not belong to him, and that he "didn't know what was going on" when the guards found the drugs. (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) His administrative appeals were denied (DE ## 6-4, 6-5), and he thereafter filed this petition.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

McNeeley first challenges the sufficiency of the evidence. In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to

revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, Officer Sulich provided an eyewitness account that he found a significant amount of drugs in McNeeley's property box, and a photo was taken of the drugs that were found. This is sufficient evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457 (evidence is sufficient as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination).

McNeeley appears to argue that he could not be found guilty because Simmons claimed the drugs belonged to him. However, the hearing officer was not required to credit this evidence; it is clear that the hearing officer chose instead to credit the account of Officer Sulich that the drugs were found in McNeeley's property box. It is not the

role of this court to reweigh the evidence, assess the credibility of witnesses, or make an independent determination of guilt or innocence. *McPherson*, 188 F.3d at 786. McNeeley also suggests that since the drugs were not found on his person, there was insufficient evidence of his guilt. However, this was not a criminal proceeding, and the evidence need not establish beyond a reasonable doubt that McNeeley was in possession of the drugs; there is sufficient evidence of constructive possession in this case. *See Hamilton*, 976 F.2d at 345-46 (evidence showing constructive possession of contraband by inmate was constitutionally adequate, since item was found in a location where only he and three other inmates had access to it). Accordingly, this claim is denied.

McNeeley also appears to claim that he was not given 24 hours notice prior to the hearing. Due process requires that an offender receive written notice of the charges at least 24 hours before the hearing. *Wolff*, 418 U.S. at 566. The basic purpose of the notice is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). To that end, the notice must include "the number of the rule violated . . . and a summary of the facts underlying the charge." *Id.* Here, McNeeley received considerably more than 24 hours notice, since he was screened on December 26, 2012, and the hearing did not occur until January 17, 2013. The notice included the number of the rule violated, and the conduct report contained more than enough detail about the incident to enable him to prepare a defense. McNeeley was obviously well aware of the facts underlying the charge, and was able to prepare a defense, as he requested and obtained a statement from Simmons

4

claiming that the drugs belonged to him. Accordingly, he has not established a violation of his due process rights.

Finally, he claims that the investigation and hearing were conducted outside the time limits specified in Indiana Department of Correction ("IDOC") policies. However, even if IDOC rules were violated, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

For these reasons, the petition (DE # 1) is **DENIED**.

<strong>SO ORDERED.</strong>

Date: January 28, 2014

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT